IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AARON HOTEL GROUP, LLC, *a Connecticut limited liability company, individually, and on behalf of a class of similarly situated individuals and entities*, | * * * * * * | |
| Plaintiff, | * * | |
| v. | * * | 1:22-CV-00838-ELR |
| HOLIDAY HOSPITALITY FRANCHISING, LLC, et al., | * * * | |
| Defendants. | * * | |

_____

**O R D E R**

_____

By Orders dated December 29, 2021 and March 23, 2022 and with the consent of the Parties, the Court consolidated the following six (6) actions pursuant to Federal Rule of Civil Procedure 42(a) (collectively, the "Consolidated Cases"):

- Park 80 Hotels, LLC et al. v. Holiday Hospitality Franchising, LLC et al., Civil Action No. 1:21-CV-04650-ELR;

- PH Lodging Tomball, LLC v. Holiday Hospitality Franchising, LLC et al., Civil Action No. 1:21-CV-05072-ELR;

- Bensalem Lodging Associates LLC v. Holiday Hospitality Franchising, LLC et al., Civil Action No. 1:21-CV-05081-ELR;

- <u>Synergy Hotels, LLC v. Holiday Hospitality Franchising, LLC et al.</u>, Civil Action No. 1:21-CV-05164-ELR;

- <u>110 Sunport LLC v. Holiday Hospitality Franchising, LLC et al.</u>, Civil Action No. 1:22-CV-00456-ELR; and

- <u>Aaron Hotel Group, LLC v. Holiday Hospitality Franchising, LLC et al.</u>, Civil Action No. 1:22-CV-00838-ELR.

[<u>See</u> Docs. 60, 64].[1]  Because <u>Park 80 Hotels</u> was filed first, the Court designated it as the lead case.  [<u>See</u> Doc. 60 at 3].

In its March 23, 2022 Order, the Court set forth a schedule for the filing of a consolidated complaint "on behalf of all current Plaintiffs" and for Defendants' response thereto.  [<u>See</u> Docs. 63, 64].  On March 31, 2022, Plaintiffs filed their Consolidated Class Action Complaint (the "Consolidated Complaint") in the <u>Park 80 Hotels</u> action alone.  <u>See</u> Consol. Compl. [Doc. 65].  The Consolidated Complaint asserts claims on behalf of all Plaintiffs in the five (5) Consolidated Cases that are currently before the Court.[2]  <u>See</u> <u>id.</u> ¶¶ 42–47.  In line with the Parties' expressed preference that the Consolidated Cases functionally proceed as "a single action" going forward [Doc. 63 at 2], the schedule set by the Court's March 23, 2022 Order contemplated that Defendants would file a single motion to dismiss in response to

---

[1] Unless otherwise noted, all citations to docket entries herein refer to documents filed in <u>Park 80 Hotels</u>, Civil Action No. 1:21-cv-04650-ELR.
[2] On January 4, 2022, the plaintiff in <u>Bensalem Lodging Associates</u> voluntarily dismissed its claims with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  <u>See</u> Notice of Dismissal with Prejudice, <u>Bensalem Lodging Assocs.</u>, Civil Action No. 1:21-cv-05081-ELR, ECF No. 39.

2

the Consolidated Complaint. [See Doc. 64]. On May 13, 2022, Defendants filed an identical motion to dismiss the Consolidated Complaint in each of the five (5) active Consolidated Cases. [See, e.g., Doc. 73]. By their motions, Defendants "request an [o]rder be entered in each of the . . . [Consolidated C]ases dismissing the Consolidated Complaint." [See, e.g., id. at 3].

The Court is mindful that "constituent cases" consolidated pursuant to Federal Rule of Civil Procedure 42(a) "retain their separate identities" such that "separate verdicts and judgments are normally necessary." See Hall v. Hall, 138 S. Ct. 1118, 1131 (2018) (quoting 3 James Wm. Moore & Joseph P. Friedman, Moore's Federal Practice § 42.01 (1st ed. 1938)). However, Rule 42(a) also vests the Court with the authority to "issue any . . . orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a)(3). Here, the Court finds that forcing the Parties to litigate and the Court to adjudicate identical motions to dismiss in five (5) separate cases would cause "unnecessary cost or delay." See id. The Court's conclusion in this regard is bolstered by the fact that the Consolidated Complaint—which all of Defendants' motions to dismiss concern—was filed only in Park 80 Hotels. The Court further finds that directing the Parties to make any filings concerning all of the Consolidated Cases—whether related to the pending motions to dismiss or to any other matter—only in Park 80 Hotels serves Rule 42(a)'s purpose of "avoid[ing] unnecessary cost or delay." See id.

3

Accordingly, the Court **DISMISSES AS MOOT** the "Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint" Defendants filed in the non-lead Consolidated Cases.[3]  The Court **DIRECTS** the Parties to make any filings related to all of the Consolidated Cases only in the lead case of Park 80 Hotels, Civil Action No. 1:21-CV-04650-ELR.

**SO ORDERED**, this 18th day of May, 2022.

*/s/ Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[3] PH Lodging Tomball, Civil Action No. 1:21-CV-05072-ELR, Doc. 49; Synergy Hotels, Civil Action No. 1:21-CV-05164-ELR, Doc. 37; 110 Sunport, Civil Action No. 1:22-CV-00456-ELR, Doc. 47; Aaron Hotel Grp., Civil Action No. 1:22-CV-00838-ELR, Doc. 61.